IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANC & BRUBAKER HOLDINGS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NXT LVL SERVICES, LLC, a Florida ) <br> company; UPGRADED LIFESTYLE, ) <br> LLC, a Florida company; ONE UP, LLC ) <br> a Florida company; MICHAEL WALDING, ) <br> individually and as CEO of NXT LVL ) <br> SERVICES, LLC, ONE UP, LLC and ) <br> UPGRADED LIFESTYLE, LLC, ) <br> ) <br> Defendants. ) <br> _____) | Case No.: 1:22-cv-01526 <br><br> Honorable Matthew F. Kennelly |

## PLAINTIFFS HANC HOLDINGS AND PARKCAM ECOM, LLC'S MOTION FOR CLARIFICATION AND TO COMPEL DEFENDANTS TO ANSWER THE SECOND AMENDED COMPLAINT

NOW COME the Plaintiffs, PARKCAM ECOM, LLC and HANC HOLDINGS, by and through their attorneys, Griffin Williams McMahon & Walsh, LLP, and move this Court to clarify its January 27, 2023 order on Defendants' motion to dismiss and for an order compelling Defendants to answer all relevant allegations in Plaintiffs' Second Amended Complaint and in support thereof, submits the following:

1. On March 23, 2022, Plaintiffs filed their original complaint. See Doc. # 1. On May 12, 2022, this Court entered an order noting that the Complaint did not adequately describe the parties' citizenship for purposes of establishing diversity jurisdiction and directed Plaintiffs to file an amended complaint that adequately described the parties' citizenship. Doc. # 12.

2. On May 26, 2022, Plaintiffs filed their first amended complaint. Doc. # 17. On June 16, 2022, Defendants moved to dismiss the complaint based on an arbitration provision in

certain written agreements. Doc. # 20. On July 22, 2022, Plaintiffs filed their Second Amended Complaint ("SAC") with leave of Court. Doc. # 25.

3. On August 5, 2022, Defendants renewed their motion to dismiss. Doc. # 27. On January 27, 2023, the Court entered an order ("the Order") granting the motion to dismiss in part and denying it in part. Doc. # 37. The Court then granted Defendants' unopposed motion for an extension of time to answer the SAC.

4. After the motion was granted, Defense Counsel and Plaintiffs' Counsel had a discussion about which Plaintiffs remained in the case as a result of the Order and which allegations Defendants were going to answer. Plaintiffs' Counsel suggested that Hanc Holdings and Parkcam's claims survived because Hanc Holdings owned Parkcam. Defense Counsel suggested that only Parkcam survived as a Plaintiff.

5. In the January 27, 2023 Order, the Court noted with respect to the surviving oral contracts:

> "<u>In one alleged oral contract, the defendants agreed with Parkcam and plaintiff Hanc Holdings, LLC to transfer an aged e-commerce store to Parkcam</u> after the theft of Hanc Holdings's store. Hanc Holdings is the owner of Parkcam, and Hanc is the sole member of both companies….In the second alleged oral agreement, the defendants agreed to procure an e-commerce store for Parkcam after Walmart rejected plaintiff Redstone Ecom, LLC's store. Redstone is another company owned by Hanc Holdings with Hanc as the sole member. <u>The defendants do not contend that either alleged oral agreement included an arbitration provision</u>." Doc. # 37 at 3 (emphasis added).

It remains Plaintiffs' position that Hanc Holdings survived the motion to dismiss to the extent it entered into agreements with Defendants and was the sole owner of Parkcam.

6. Defense Counsel then suggested that Defendants should not answer the SAC with respect to certain allegations. Specifically, Defense Counsel suggested "the only allegations that

involve Parkcam are paragraphs 19, 20, 125, 126, and 208-216. Can we agree that Defendants will answer those paragraphs of the complaint, and only those paragraphs?"

7. Plaintiff's Counsel responded, "I am likely going to file a motion for clarification. Answer however you deem appropriate. However, understand that we aren't going to move for default or some other consequence if the Court rules in our favor."

8. Defense Counsel replied "Thanks Pat. Can we agree that, if the Court disagrees with the portions of the Complaint that require an answer (beyond the paragraphs specifically mentioned below), no unanswered allegation is deemed admitted? I would like to put that agreement in the answer itself." Plaintiffs' Counsel agreed.

9. On February 24, 2023, Defendants filed their answer. Doc. #42. Defendants answered only Paragraphs 19, 20, 125-27, 208-216, 238-258, 294-297.

10. "[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Medline Industries v. Medline Rx Financial, LLC*, 218 F.R.D. 170, 172 (N.D. Ill. 2003) citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 (3d ed. 2003).

11. Shortly thereafter, Plaintiff's Counsel reached out to Defense Counsel: "I think we have a misunderstanding on the scope of the Defendants' answer. By way of example, I assumed Defendants were going to answer factual allegations directed at them. We are not going to seek to have the unanswered allegations deemed admitted, but believe Defendants should answer the following allegations: Paragraphs 17, 21-34, 36-64, 111-124, 128-129, 154, 198-207, 217-237. Please let me know if you would like to discuss."

12. Defense Counsel responded, "Go ahead and file the motion for clarification of the Court's dismissal order. We've answered the counts pertaining to the sole remaining Parkcam

claim. I told you before I filed the answer which paragraphs of the complaint I was going to answer."

13. Plaintiffs disagree that Defendants have answered the allegations pertaining to Parkcam (or Hanc Holdings if Hanc Holdings survived via ownership of Parkcam). For instance, Defendants did not answer allegations related to the Plaintiffs or Defendants as parties (SAC at ¶¶ 17, 21-34), jurisdiction and venue (SAC at ¶¶ 26-27), Defendants' business operations (SAC at ¶¶ 28-34), the manner in which Hanc Holdings was induced to invest with Defendants (SAC ¶¶ 36-64), the events that formed the basis of Defendants' offer to contract with Parkcam (SAC ¶¶ 111-124), Plaintiffs' requests related to insurance claims for Parkcam's loss (SAC ¶¶ 128-129), whether Defendants were even capable of opening a Walmart ecommerce store, such as the one it contracted to open for Parkcam and Hanc Holdings (SAC ¶ 154), the allegations related to Redstone Ecom, LLC, which was the foundation of the contract between Parkcam, Hanc Holdings and Defendants (SAC ¶¶ 198-207) and allegations about Defendants' other victims (SAC ¶¶ 217-237) as evidence of fraud.

14. Plaintiffs do not, at this time, seek entry of default or to deem the unanswered allegations admitted due to the parties' agreement. However, Defendants' refusal to answer relevant allegations has necessitated this motion.

15. Defendants' refusal to answer relevant allegations is serving to needlessly expand the scope of this litigation. See *Western World Insurance Co. v. Majercak,* 490 F. Supp. 2d 937, 939 n.4 (N.D. Ill. 2007) citing *Solon v. Gary Cmty. Sch. Corp.*, 180 F.3d 844, 858 (7th Cir. 1999) ("A defendant's answers to allegations in a plaintiff's complaint is 'not simply evidence…, but a judicial admission which removed this point from the realm of contested issues.'").

16. Moreover, Plaintiffs cannot issue competent written discovery without Defendants' answers because, for example, they cannot ask Defendants to explain denials of particular allegations in the SAC. Conversely, it would be duplicative to ask Defendants to explain certain allegations if they would be admitted in the answer to the SAC and "removed from the realm of contested issues."

17. Based on the foregoing, Plaintiffs respectfully move this Court to compel Defendants to answer Paragraphs 17, 21-34, 36-64, 111-124, 128-129, 154, 198-207, and 217-237 of the SAC and to clarify whether Hanc Holdings survived the motion to dismiss and remains a defendant herein.

WHEREFORE, Plaintiffs, HANC HOLDINGS and PARKCAM ECOM, LLC respectively move this Court to enter and order clarifying whether HANC HOLDINGS survived Defendants' motion to dismiss and to compel Defendants to answer Paragraphs 17, 21-34, 36-64, 111-124, 128-129, 154, 198-207, and 217-237 of the SAC and for any other relief this Court deems appropriate.

Respectfully submitted,

GRIFFIN WILLIAMS
MCMAHON & WALSH, LLP

By: /s/ Patrick J. Walsh
      Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
GRIFFIN WILLIAMS
MCMAHON & WALSH, LLP
21 N. Fourth Street
Geneva, Illinois 60134
(630) 457-4242
ARDC No. 6287629
pwalsh@gwmwlaw.com